UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL J. PANDOAH<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 4:13-cv-00215-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Michael J. Pandoah's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1). Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, this Motion shall be decided on the record before this Court without oral argument.

**MEMORANDUM DECISION AND ORDER- 1**

# BACKGROUND

On May 22, 2012, the petitioner, Michael Pandoah, was charged in a single-count indictment with Arson, in violation of 18 U.S.C. §§ 81 and 1153. *United States v. Pandoah*, 12- cr-00148-BLW, Dkt. 1. On September 26, 2012, Pandoah entered a guilty plea to the charge, without the benefit of a plea agreement. *Pandoah*, 12-cr-00148-BLW, Dkt. 17. On December 11, 2012, he was sentenced to a term of 35 months imprisonment. *Pandoah*, 12-cr- 00148-BLW, Dkts. 21, 22. He is presently serving that sentence at the Federal Correctional Institution in Florence, Colorado.

Although advised of his right to appeal, Pandoah did not file a direct appeal challenging his conviction and/or sentence. Sentencing Transcript at p. 15, attached.

On May 6, 2013, however, Pandoah filed this motion under 28 U.S.C. § 2255, arguing that (1) he should have been extradited or removed from the Fort Hall Indian Reservation to federal court before facing federal charges; (2) because he was convicted of misdemeanor arson in tribal court, the Government was barred from prosecuting him for arson under the Major Crimes Act; and (3) the Government and the court failed to elicit from him that he was an Indian, an essential element of the crime charges, during the plea proceeding. *Pandoah v. U.S*., 13-cv-00215, Dkt. 1

The Government responds that Pandoah has not preserved the issues for review by this Court because he pleaded guilty and failed to file a direct appeal. Therefore, Pandoah is procedurally barred from raising the issues under § 2255, absent a showing of cause for his failure to raise the issues below and resulting prejudice from the alleged error.

**MEMORANDUM DECISION AND ORDER- 2**

## LEGAL STANDARD

Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). Despite this seemingly broad language, "the range of claims which may be raised in a § 2255 motion is narrow." *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir.1981).

A response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief ...." 28 U.S.C. § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quotation omitted). To obtain an evidentiary hearing, a defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990). Conclusory statements, without more, are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## ANALYSIS

The circumstances under which a guilty plea may be attacked on collateral review are limited. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally

**MEMORANDUM DECISION AND ORDER- 3**

attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984) (footnote omitted). The voluntariness and intelligence of a guilty plea can only be attacked on collateral review if first challenged on direct review, as § 2255 "will not be allowed to do service for an appeal." *Reed v. Farley*, 512 U.S. 339, 354 (1994). "The concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Bousley v. United States*, 523 U.S. 614, 621 (1998). When a defendant files a § 2255 motion to challenge the validity of a conviction pursuant to a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989) (finding that defendants who pleaded guilty to two indictments arising out of the same course of conduct had waived their double jeopardy claims). In sum, a guilty plea is an admission of all the elements and material facts of the criminal charge contained in an indictment. *Id.*

Here, Pandoah does not argue that his plea was involuntarily made or uncounseled. Because his plea remains unchallenged, it serves to waive those claims not properly preserved through direct appeal. The petitioner freely and voluntarily admitted all of the elements of the crime charged and pleaded guilty. The arguments Pandoah now raises are therefore not cognizable under § 2255 because of his guilty plea.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed.

**MEMORANDUM DECISION AND ORDER- 4**

R.App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir.2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's rulings on Pandoah's claims to be debatable or wrong. Accordingly, a certificate of appealability will not issue.

## ORDER

IT IS ORDERED that:

1. Defendant Michael Pandoah's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1) is DENIED; and

2. No certificate of appealability shall issue. Pandoah is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22–1. To do so, he must file a timely notice of appeal.

**MEMORANDUM DECISION AND ORDER- 5**

3.      If Pandoah files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: November 12, 2015

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER- 6**